# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CASE CREDIT CORPORATION, and**
**NEW HOLLAND CREDIT COMPANY, LLC,**
      **Plaintiffs,**

    v.                                                                     Case No. 04-C-0716

**STEPHENS & MICHAELS ASSOCIATES, INC.,**
      **Defendant.**

## DECISION AND ORDER

Plaintiffs Case Credit Corporation ("Case") and New Holland Credit Company, LLC ("New Holland"), brought this action for a declaratory judgment against defendant Stephens & Michaels Associates, Inc. ("SMA") to determine the parties' rights and obligations in connection with a contract, and defendant counterclaimed making a variety of allegations including that plaintiffs breached the contract. I have jurisdiction based on diversity of citizenship. Case is a Delaware corporation with its principal place of business in Wisconsin, and New Holland is a Delaware limited liability company. At the time plaintiff filed this suit, the only member of New Holland was a Delaware corporation that had its principal place of business in Illinois. SMA is a New Hampshire corporation with its principal place of business in New Hampshire. Pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff now moves to dismiss several of defendant's claims.

### I. DEFENDANT'S ALLEGATIONS

Defendant alleges that in May 2002, plaintiffs retained it to perform collection, repossession and related services. Defendant further alleges that its contract with plaintiffs

provided that it would receive a contingent fee of twenty-one percent of the debt on some collections and a non-contingent fee of twenty-two or thirty-five percent of the debt on others. Defendant alleges that as a result of its efforts, many customers paid their debts to plaintiffs directly and that plaintiffs failed to pay fees owed on such payments totaling over $12 million and in fact closed such accounts to avoid having to compensate defendant. When the parties failed to resolve the dispute, plaintiffs commenced this action.

## II.  MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. <u>Gen. Elec. Capital Corp. v. Lease Resolution Corp.</u>, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal of an action under such a motion is warranted only if it is clear that the non-moving party can prove no set of facts in support of his claims that would entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). The essence of a Rule 12(b)(6) motion is not that the non-moving party has pleaded insufficient facts; it is that even assuming all of his facts are accurate, he has no legal claim. <u>Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.</u>, 184 F.3d 623, 627 (7th Cir. 1999). In ruling on such a motion the court must assume that all of the facts alleged in the complaint are true and draw all reasonable inferences from those facts in the light most favorable to the non-moving party. <u>Bethlehem Steel Corp. v. Bush</u>, 918 F.2d 1323, 1326 (7th Cir. 1990).

### III.  APPLICABLE LAW

In diversity cases, I apply state substantive law.  See Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938).  Rules governing the interpretation of contracts are substantive.  Dawn Equip. Co. v. Micro-Trak Sys., Inc., 186 F.3d 981, 986 (7th Cir. 1999).  When more than one state's substantive law potentially applies, I apply the choice of law rules of the district in which I sit.  Klaxon Co. v. Stentor Elec. Mfg. Co. Inc., 313 U.S. 487, 496-97 (1941).  And if under such choice of law rules more than one state's law arguably applies, I apply the law of the forum state unless there is a difference between its law and that of the other states.  Ry. Express Agency, Inc. v. Super Scale Models, Ltd., 934 F.2d 135, 139 (7th Cir. 1991).  In the present case, the parties appear to agree that I should apply Wisconsin law but that I may also consider wither plaintiffs violated the New Hampshire Consumer Protection Act.  As a court sitting in diversity, I attempt to predict how the highest court of the state whose law I am applying would decide the issues before me.  Dawn Equip. Co., 186 F.3d at 986.  If such court has not ruled on an issue, I apply state appellate court decisions unless there are persuasive indications that the state supreme court would decide the issue differently.  Id.

### IV.  DISCUSSION

**A.    Breach of Contract Claim**

Defendant alleges that it entered into a contract with plaintiffs to perform services, that it performed such services and that plaintiffs breached the contract by refusing to pay for the services.  Under Wisconsin law, a party may set forth a breach of contract claim by alleging the existence of a valid contract, a breach and damages resulting from the breach.

3

Steele v. Pacesetter Motor Cars, Inc., 267 Wis. 2d 873, 880 (Ct. App. 2003). Defendant has alleged each of these elements. Plaintiffs argue that I should dismiss defendant's claim because defendant acknowledged that it did not always obtain advance approval for performing certain services as required by the contract. However, the questions of whether or not defendant usually obtained such approval and whether its sometime failure to do so was sufficiently significant to excuse plaintiffs from satisfying their obligations under the contract raise factual issues, which cannot be resolved on a motion to dismiss. Therefore, plaintiffs' motion to dismiss defendant's breach of contract claim will be denied.

**B.     New Hampshire Consumer Protection Act Claim**

The New Hampshire Consumer Protection Act prohibits unfair or deceptive acts in the conduct of trade. N.H. Rev. Stat. Ann. § 358-A:2. An act violates the statute if "(1) it is within at least the penumbra of some common-law statutory or other established concept of unfairness, (2) it is immoral, unethical, oppressive or unscrupulous, or (3) it causes substantial injury to consumers (or competitors or other businessmen)." Milford Lumber Co., Inc. v. RCB Realty, Inc., 147 N.H. 15, 19 (2001). For conduct to violate the statute, it must attain a "level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce." Hovin v. Coldwell Banker Residential Affiliates, Inc., 144 N.H. 626, 635 (2000) ( quoting Barrows v. Boles, 141 N.H. 382, 390 (1996)). The statute lists thirteen prohibited practices but indicates that the list is non-exhaustive. Chroniak v. Golden Inv. Corp. 983 F.2d 1140, 1146 (1st Cir. 1993). Defendant alleges that plaintiffs violated the statute by knowingly and deceptively failing to remit fees owed to it. Plaintiffs seek dismissal of defendant's claim on the ground that it does not allege acts involving the rascality required by the statute. However, at this point I cannot

4

conclude that defendant will be unable to prove any facts showing rascality. Thus, plaintiffs' motion to dismiss defendant's statutory claim will be denied. See Conley, 355 U.S. at 45-46 (stating that 12(b)(6) is appropriate only if it is clear that non-movant can prove no set of facts in support of claim).

**C.     Unjust Enrichment and Quantum Meruit Claim**

Plaintiffs move to dismiss defendant's unjust enrichment and quantum meruit claims on the ground that a plaintiff may not recover under unjust enrichment or quantum meruit if the claim is governed by a contract. However, Fed. R. Civ. P. 8(e)(2) permits a party to plead in the alternative. Under the rule, a party may allege the existence of a contract in one count and alternatively seek equitable relief in other counts. In addition, a court is free to construe an equitable claim as being an alternative claim. See 3 Com Corp. v. Electronic Recovery Specialists, Inc, 104 F. Supp 2d 932, 940-41 (N.D. Ill. 2000).

The elements of an unjust enrichment claim are: (1) conferral of a benefit (2) with the knowledge of the party benefitted and (3) under circumstances where it is inequitable to permit the party to retain the benefit without payment. Ramsey v. Ellis, 168 Wis. 2d 779, 784-85 (1992). Defendant alleges that it caused customers to pay debts to plaintiff, and thereby conferred a benefit on plaintiffs and that plaintiffs failed to pay for such service. Because at this point I must assume that these allegations are true, plaintiffs' motion to dismiss defendant's unjust enrichment claim will be denied.

A party may establish a quantum meruit claim by showing an implied contract to pay reasonable compensation for services rendered. Id. at 785. Defendant alleges that that plaintiffs implicitly agreed to inform defendant when customers on whose cases defendant worked made payment on their debts and that plaintiffs failed to do so. Again, because

5

I must assume that these allegations are true, I cannot say that defendant could not establish its quantum meruit claim. Therefore, plaintiffs' motion to dismiss such claim will be denied.

**D.     Breach of Implied Covenant of Good Faith and Fair Dealing Claim**

Plaintiffs move to dismiss defendant's claim that plaintiffs breached the implied covenant of good faith and fair dealing by asking defendant to close accounts without informing it of customer payments on the accounts resulting from defendant's efforts. A duty of good faith and fair dealing is an implied condition in every contract and imposes a duty of cooperation on the part of both parties and an obligation to act honestly. See generally In re Estate of Chayka, 47 Wis. 2d 102, 107-08 (1970). However, the duty imposes a relatively limited obligation on the parties and is not a basis for creating rights not expressly included in the contract. The Seventh Circuit underscored the limited nature of this duty when it stated that good faith "is a compact reference to an implied undertaking not to take opportunistic advantage in a way that could not have been contemplated at the time of drafting, and which therefore was not resolved explicitly by the parties." Kham & Nate's Shoes No. 2, Inc. v. First Bank, 908 F.2d 1351, 1357 (7th Cir. 1990). The Seventh Circuit recently concluded that under Wisconsin law a party seeking to show a breach of the duty of good faith and fair dealing as understood in Chayka "must show something that can support a conclusion that the party accused of bad faith has actually denied the benefit of the bargain originally intended by the parties." Zenith Ins. Co. v. Employers Ins., 141 F.3d 300, 308 (7th Cir. 1998). Plaintiffs argue that under the contract, plaintiffs were entitled to terminate any of defendant's assignments and that they did no more. However, defendant alleges that plaintiffs deliberately closed accounts in order to deprive defendant

6

of earned compensation. Assuming that these alleged facts are true, defendant has stated a claim for breach of the implied covenant of good faith and fair dealing. Thus, plaintiffs' motion to dismiss such claim will be denied.

**E.    Promissory Estoppel**

Defendant alleges a promissory estoppel claim against plaintiffs claiming that they promised to pay defendant certain fees, that defendant relied on such promises and that plaintiffs reneged. In order to prevail on a promissory estoppel claim, defendant must show that plaintiffs made a promise that they should reasonably have expected to induce substantial action or inaction, that plaintiffs' promise did induce such action or inaction and the promise must be enforced to avoid injustice. Teff v. Unity Health Plans, Ins. Corp., 265 Wis. 2d 703, 709 (Ct. App. 2003). Plaintiffs move to dismiss on the ground that a contract is an absolute bar to a promissory estoppel claim unless it does not embody all the essential elements of the business relationship. Id. Defendant acknowledges the existence of a contract but contends that it was silent on the status of collection fees after performance by defendant and after plaintiffs unilaterally closed an account. In other words, defendant alleges that the contract does not embody all of the essential elements of the business relationship. Therefore, plaintiffs' motion to dismiss this claim will be denied.

## V.  CONCLUSION

For the reasons stated,

**IT IS ORDERED** that plaintiffs' motion to dismiss defendant's counterclaims is **DENIED**.

7

**IT IS FURTHER ORDERED** that a Rule 16(b) telephonic scheduling conference will be held on **June 9, 2005 at 10:30 a.m.** The court will initiate the call. The participation of the attorney who will be handling the case is required.

The parties should note Fed. R. Civ. P. 26(f), which requires that they confer with each other at least 21 days before the Rule 16(b) scheduling conference and file a written report of their proposed discovery plan within 14 days after their Rule 26(f) conference. The first paragraph of the joint Rule 26(f) report should state the date and time given above for the Rule 16(b) scheduling conference. The parties should also note Rule 26(a)(1), which requires (unless they agree otherwise) that they make their initial disclosures to each other within 14 days after their Rule 26(f) conference.

Dated at Milwaukee, Wisconsin, this 28 day of April, 2005.

/s_____
LYNN ADELMAN
District Judge